UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

PHILLIP MOROSE

CASE NO. 8:18-cr-237-T-23AEP

21 U.S.C. § 846

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

Beginning on an unknown date, but in or about early to mid-2014, and continuing through on or about the date of the indictment, in the Middle District of Florida, and elsewhere, the defendant,

PHILLIP MOROSE,

did knowingly, willfully, and intentionally conspire with CHRISTOPHER MCKINNEY and other persons, both known and unknown to the Grand Jury, to possess with intent to distribute and to distribute a controlled substance.

With respect to PHILLIP MOROSE, four-hundred grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (also known as fentanyl), a Schedule II controlled substance, and 100 grams or more of a mixture and substance

containing a detectable amount of 2-methoxy-N-(1-phenethylpiperidin-4-yl)-N- phenylacetamide (also known as methoxyacetyl fentanyl), a Schedule I controlled substance, and is therefore punished under 21 U.S.C. § 841(b)(1)(A).

It was part of the conspiracy that the conspirators would perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 21 U.S.C. § 846.

## FORFEITURE

1.      The allegations contained in Count One of this Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

2.      Upon conviction of a violation of 21 U.S.C. § 846, the defendant,

PHILLIP MOROSE,

shall forfeit to the United States of America, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or

indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

3.     The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds obtained by the defendant as a result of the offense.

4.     If any of the property described above, as a result of any act or omission of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute

property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Kelley C. Howard-Allen
Assistant United States Attorney

By: _____
Gregory Pizzo
Assistant United States Attorney

By: _____
Simon A. Gaugush
Assistant United States Attorney
Chief, Economic Crimes Section

T:\_Cases\Criminal Cases\M\Morose, Phillip_2018R_KHA\p_Indictment.docx

FORM OBD-34
May 18

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

PHILLIP MOROSE

## INDICTMENT

Violations:   21 U.S.C. § 846

A true bill,

_____
Foreperson

Filed in open court this 22nd day

of May 2018.

_____
Clerk

Bail $_____

GPO 863 525